**FILED**
at ___ O'clock & ___ min. ___ M

**JUL − 1 2009**

United States Bankruptcy Court
Columbia, South Carolina (19)

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 09-01531-JW |
|---|---|
| James J. Anderson and Ann Roslyn Anderson, | Chapter 7 **ENTERED** |
| | ORDER    JUL − 1 2009 |
| Debtor(s). | **SRP** |

This matter comes before the Court for a hearing on a reaffirmation agreement entered into by James J. Anderson ("Debtor") and Citizens Automobile Finance Inc. ("Citizens"). Debtor seeks to reaffirm the debt owed to Citizens in the amount of $6,586.51, which appears secured by a lien on a 2004 Mazda pick-up truck ("Vehicle"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. After considering the testimony of Debtor, arguments of counsel and the record in this case, the Court makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1. On February 28, 2009, Debtor and his wife, Ann Roslyn Anderson, (collectively, "Debtors") filed a joint petition for relief under chapter 7 of the Bankruptcy Code. Simultaneously with the petition, Debtors filed their statement of intention, which indicated that they intended to retain the Vehicle and reaffirm the debt with Citizens.

2. The first meeting of creditors ("Meeting of Creditors") was held on March 27, 2009.

3. Thereafter, Debtor took steps to reaffirm his debt to Citizens by communicating with Citizens to negotiate the terms of an agreement and ultimately

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such; and to the extent any of the conclusions of law constitute findings of fact, they are so adopted.

signing an agreement ("Reaffirmation Agreement"), which reaffirmed the debt owed to Citizens on the original contract terms. Debtors' counsel, Herman F. Richardson, Jr. ("Counsel"), did not sign the Reaffirmation Agreement. At the hearing, Counsel stated he did not feel it was appropriate to sign the agreement because Debtor's future employment was uncertain; therefore, he believed he had inadequate information to determine whether Debtor would be able to make the payments.

4. On June 3, 2009, sixty-nine (69) days after the Meeting of Creditors, Citizens filed the Reaffirmation Agreement.

5. The Court scheduled a hearing to consider whether the Reaffirmation Agreement should be approved because Part C of the Reaffirmation Agreement was not signed by Counsel, its filing was untimely, and there appeared to be a presumption of undue hardship in that Debtor's Schedule J indicates a budget shortfall of $824.00. Debtor's counsel advised the Court that the delay in the signing and filing of the Reaffirmation Agreement was caused by Citizens.[2] Debtor stated in Part D that he can afford the payments because he plans on working part time and has a tentative position at Midlands Technical College, instructing on weekends, starting July 25, 2009. This position, if obtained, would only provide Debtor with employment through December. At the hearing, Debtor testified that he needs the Vehicle for work and that he is current on the monthly payments. After the Court observed that the Reaffirmation Agreement was filed late, Counsel made an oral motion to extend the time to file the Reaffirmation Agreement.

---

[2] Apparently, Citizens delayed in sending the proposed agreement to Debtor for his signature and the agreement received by Debtor did not include the signature of a representative of Citizens. Accordingly, Debtor was unable to immediately file the Reaffirmation Agreement after signing because he had to return the document to Citizens for its signature.

2

## CONCLUSIONS OF LAW

The determination of whether Debtor's Reaffirmation Agreement can be approved requires an analysis of 11 U.S.C. § 524(c),[3] which sets forth the following checklist of requirements for an enforceable reaffirmation agreement:

(1) the reaffirmation agreement must be made before the granting of the discharge under section 727, 1141, 1228, or 1328;

(2) the debtor must have received the disclosures described in § 524(k) at or before the time at which the debtor signed the agreement;

(3) the reaffirmation agreement must be filed with the court and, if applicable, must be accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that—
  (A) the reaffirmation agreement represents a fully informed and voluntary agreement by the debtor;
  (B) such agreement does not impose an undue hardship on the debtor or a dependant of the debtor; and
  (C) the attorney fully advised the debtor of the legal effect and consequences of a reaffirmation agreement and any default under such an agreement;

(4) the debtor must not have rescinded the reaffirmation agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later;

(5) the provisions of § 524(d) of this section must be complied with; and

(6) if the debtor was not represented by an attorney during the course of negotiating the reaffirmation agreement, the Court must determine that the reaffirmation agreement does not impose an undue hardship on the debtor or a dependent of the debtor and is in the best interest of the debtor.

The order granting Debtor his discharge has not yet been entered, therefore §524(c)(1) appears to be satisfied. Since the disclosures described in § 524(k) are

---

[3] Further references to the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) shall be by section number only.

3

incorporated into the Reaffirmation Agreement signed by Debtor, it appears that § 524(c)(2) is also satisfied.

The Reaffirmation Agreement has been filed with the Court, but it was not filed in accordance with Fed. R. Bankr. P. 4008, which requires a debtor to file a reaffirmation agreement within the sixty (60) days after the first date set for the meeting of creditors under § 341. However, Fed. R. Bankr. P. 4008 permits the Court, *at any time and in its discretion*, to enlarge the time to file a reaffirmation agreement. At the hearing, Debtor made an oral motion to enlarge the time to file the Reaffirmation Agreement. Debtor's counsel advised the Court that the delay in filing was caused by Citizens, who delayed in sending the Reaffirmation Agreement to Debtor and did not sign the agreement prior to sending it to Debtor, which necessitated the return of the agreement to Citizens for its signature prior to filing. The Court finds that an enlargement of the time for filing the Reaffirmation Agreement is appropriate and thus hereby grants Debtor's motion.

Nevertheless, it appears that § 524(c)(3) is not satisfied because Counsel was unwilling to sign Part C, which declares that the Reaffirmation Agreement represents a fully informed and voluntary agreement by Debtor, does not impose an undue hardship on Debtor, and Debtor was fully advised by Counsel of the legal effect of the Reaffirmation Agreement and any default under such agreement. Counsel advised the Court that he was unwilling to sign Part C because Debtor's employment was not certain, and consequently, he was unsure that Debtor would be able to make the payments required under the Reaffirmation Agreement.

Absent a declaration of Counsel, the Court can only approve the Reaffirmation Agreement if it concludes that (1) the Reaffirmation Agreement does not impose an

4

undue hardship on Debtor and (2) the Reaffirmation Agreement is in the best interest of Debtor. See § 524(c)(6)(A)(i) & (ii). Under § 524(m)(1), it appears that a rebuttable presumption of undue hardship arises in this case. Section 523(m)(1) provides in relevant part:

> [I]t shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt.

According to Part D of the Reaffirmation Agreement, Debtor's monthly expenses exceed his monthly income by $824.00, leaving no funds available to make the payments on the reaffirmed debt. To approve the Reaffirmation Agreement, § 523(m) requires the Court to review this presumption and determine whether Debtor has sufficiently rebutted the presumption by providing an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. § 524(m). Debtor stated in Part D, "I plan on working part time. I have a tentative position at Midlands Technical College, instructing on weekends starting July 25th." At the hearing, Debtor testified that he has a verbal commitment for a temporary teaching position from August through December, but he could not state for sure that he would have the position. He further testified that he needs the Vehicle in order to be able to work. The Court is unable to conclude from Debtor's testimony and statement on Part D that Debtor will have sufficient funds to meet his obligations under the Reaffirmation Agreement, and therefore finds that Defendant failed to rebut the presumption of undue hardship. Due to the uncertainty of Debtor's future income, the Court further finds that the agreement does

not appear to be in Debtor's best interest. For the foregoing reasons, the Court will not approve the Reaffirmation Agreement.

The Court observes that an issue remains whether Debtor can retain possession of the Vehicle even though the Reaffirmation Agreement has been disapproved by the Court. Several courts have held that where the court has disapproved a reaffirmation agreement, a debtor could continue to possess personal property and make payments on such property if the debtor complied with the requirements of § 521(a) and § 362(h) by timely filing a statement of intention indicating that he or she would reaffirm the debt and timely attempting to enter into a reaffirmation agreement. Coastal Federal Credit Union v. Hardiman, 398 B.R. 161 (E.D.N.C. 2008)(finding that there are limited circumstances where a debtor, who has timely complied with all the requirements under §§ 521 and 362(h), can "ride through" a bankruptcy and retain possession of secured personal property); In re Chim, 381 B.R. 191, 198 (Bankr. D. Md. 2008)(concluding that because the debtor fully complied with § 362(h) and § 521, the automatic stay remained in place with respect to the vehicle, the vehicle remained property of the estate, debtor could retain possession of the vehicle and the lender could not exercise remedies pursuant to *ipso facto* clause, despite the Court's disapproval of the reaffirmation agreement); In re Husain, 364 B.R. 211 (Bankr. E.D.Va. 2007)(stating that the consequences of § 362(h)(1) and § 521(d)—lifting the automatic stay and making *ipso facto* default clauses enforceable—are only caused by a debtor's failure to timely file a statement of intent and/or to timely enter into a reaffirmation agreement, not by the court's disapproval of the agreement or by its determination that the agreement is unenforceable). The debtor's

compliance with § 521(a)(2) appears to be essential to be able to retain possession of personal property under these circumstances.

Section 521(a)(2)(A) of the Bankruptcy Code requires debtors to file a statement of intention as to debts that are secured by property of the estate, which indicates whether the debtor intends to retain or surrender the property and, if he intends to retain the property, whether debtor intends to redeem the property, reaffirm the debt secured by such property, or claims that the property is exempt. In this case, Debtor timely filed his statement of intention indicating that he intended to reaffirm the debt with Citizens.

Section 521(a)(2)(B) provides that "within 30 days after the first date set for the meeting of creditors under § 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph." Under the circumstances of this case, the Court finds that Debtor's efforts to obtain and enter into the Reaffirmation Agreement were sufficient to satisfy the performance requirement of § 521(a)(2)(B). See In re Peterson, 2009 WL 1730915, slip op. (Bankr. M.D.N.C. Jun. 17, 2009); In re Hill, 2009 WL 1651241, slip op. (Bankr. M.D. N.C. Jun. 9, 2009).

As the Court finds that Debtor has satisfied the requirements of § 521(a)(2), it appears that § 362(h) would not apply to terminate the automatic stay with respect to the Vehicle in this case. See 11 U.S.C. § 362(h).

Based on the foregoing, it is hereby

ORDERED that the Reaffirmation Agreement between Debtor and Citizens is not approved based on Debtor's failure to rebut the presumption of undue hardship in this case. Further, since Debtor complied with the requirements of § 521(a)(2) and agreed to

7

reaffirm the debt on the original terms of the contract, and was not responsible for the untimely entry and filing of the reaffirmation agreement, the Court finds that (1) the automatic stay remains in effect with respect to the Vehicle; (2) the Vehicle remains property of the estate; (3) any *ipso facto* clause contained in Debtor's original contract with Citizens or other document signed by Debtor remains ineffective;[4] and (4) Citizens shall continue to accept payments from Debtor. See Coastal Fed. Credit Union v. Hardiman, 398 B.R. 161, 189 (E.D.N.C. 2008); In re Husain, 364 B.R. 211, 219 (Bankr. E.D. Va. 2007); In re Stevens, 365 B.R. 610, 612 (Bankr. E.D. Va. 2007); In re Blakeley, 363 B.R. 225, 231 (Bankr. D. Utah 2007); In re Hinson, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006); In re Peterson, 2009 WL 1730915, slip op. (Bankr. M.D.N.C. Jun. 17, 2009); In re Hill, 2009 WL 1651241, slip op. (Bankr. M.D. N.C. Jun. 9, 2009).

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
July 1, 2009

---

[4] The *ipso facto* clause would be ineffective because the provisions of § 521(d) that would give effect to such a clause have not been triggered by § 362(h).